**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. NO. 4:06CR00218-02 JLH | |
| DOMINIC R. JACKSON | DEFENDANT |

**ORDER**

Dominic R. Jackson has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on a claim that he was denied effective assistance of counsel.[1] He first argues that his lawyer was ineffective for failing to comply with Rule 12(c) of the Federal Rules of Criminal Procedure, which provides that the Court may set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. Jackson contends that his lawyer failed to file a motion to suppress and a motion in limine, which resulted in the Court denying his motions without a hearing or argument. That contention is without merit. The record reflects that Jackson's lawyer filed a motion to suppress (Document #105) and a motion in limine (Document #111), both of which were considered at a hearing before trial. Although the Court denied the motion to suppress, the Court did so on the merits of the motion, not because the motion was untimely. *See* Document #167, pp. 1-56. The Court also considered the motion in limine on the merits. The Assistant United States Attorney trying the case agreed not to bring up any of the matters discussed in the motion in limine, so the Court denied the motion as moot. Document #167, p. 57.

Jackson's second contention is that his lawyer was ineffective for failing to investigate and call potential witnesses, specifically witnesses who would have testified as to whether Jackson was living in the residence where the contraband was found when the search warrant was executed. The

---

[1] The Court stated the facts of this case in an Opinion and Order denying Jackson's motion for acquittal, Document #138, and will not reiterate them here.

Court cannot ascertain from the record, alone, whether that contention has merit. Therefore, the Court will conduct an evidentiary hearing on that issue.

Jackson's third argument is that his lawyer was ineffective for failing to cross-examine the case agent on the issue of whether his name ever came up during the investigation, who was the target of the investigation, and from whom did the confidential informant state he bought the drugs. The trial transcript shows that this argument is without merit. Jackson's lawyer asked the case agent from whom the confidential informant obtained narcotics, and the case agent testified that the confidential informant said that he obtained them from Peter Robinson and Elias Rhodes. Document #166, p. 76. The case agent testified that the confidential informant did not identify Jackson, and that at the time that the agent prepared the affidavit for the search warrant, "We didn't know who Dominic Jackson was." Document #166, p. 77. It was apparent from this testimony that Jackson's name never came up during the investigation, that is, until the agent executed the search warrant and found Jackson sleeping in the house where the narcotics and the firearm were found.

For the reasons stated, Jackson's petition will be denied on his claim that his lawyer was ineffective for failing to comply with Rule 12(c) and on his claim that his lawyer failed to cross-examine the case agent effectively. An evidentiary hearing will be conducted on the issue of whether Jackson's lawyer was ineffective for failing to investigate or to call witnesses relating to the question of where Jackson was living during the relevant period of time. The Court will enter a separate order scheduling the hearing and appointing a lawyer to represent Jackson at the hearing.

IT IS SO ORDERED this 3rd day of November, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE