**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                              4:06-CR-00218-JLH-1

ELIAS C. RHODES

## ORDER

Pending before the Court is Elias C. Rhodes' motion to reduce his sentence under 18 U.S.C.

§ 3582(c)(2). Document #200. On July 24, 2009, the Court sentenced Rhodes to 180 months and

30 days in prison—120 months for conspiracy to possess with intent to distribute 50 grams or more

of crack cocaine, 60 months for aiding and abetting the possession of a firearm in furtherance of a

drug-trafficking offense, and 30 days for contempt of court, all to run consecutively. Document

#151. At the time, the 120-month crack cocaine sentence was the statutory minimum. *See* 21

U.S.C. § 841(b)(1)(A)(iii) (2006); Document #118, at 2.[1] The 60-month consecutive sentence also

was the statutory minimum. 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). In his motion, Rhodes requests

that the Court "give retroactive effect to [A]mendment 750 under U.S.S.G. §1B1.10, and reduce his

sentence." Document #200, at 1.

Generally speaking, "sentencing courts are not authorized to modify sentences after they are

imposed." *United States v. Dixon*, 687 F.3d 356, 358 (7th Cir. 2012). However, 18 U.S.C. §

3582(c)(2) permits courts to reduce a defendant's term of imprisonment when that term is "based

on a sentencing range that has subsequently been lowered by the Sentencing Commission," so long

as "such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] The Fair Sentencing Act of 2010 reduced the statutory minimum to 60 months for a similar offense. *See* Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (codified as amended at 21 U.S.C. § 841(b)(1)).

Commission." According to U.S.S.G. § 1B1.10, the retroactivity principle found in Section 3582(c)(2) applies to Sentencing Guidelines Amendment 750 (parts A and C only), which took effect on November 1, 2011, and permanently lowered the base offense levels for particular crack cocaine quantities listed in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. § 1B1.10; 76 Fed. Reg. 41,332 (July 13, 2011); *Dixon*, 687 F.3d at 358; *United States v. Curet*, 670 F.3d 296, 309 (1st Cir. 2012); *United States v. Howard*, No. 11-15211, 2012 WL 3104360, at *1 (11th Cir. Aug. 1, 2012) (citing Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372).

While Rhodes is correct that Amendment 750 applies retroactively, the Court still does not have the discretion to reduce his sentence because it was not "based on a sentencing range that has subsequently been lowered," as is required by 18 U.S.C. § 3582(c)(2). Rather, Rhodes was sentenced to the mandatory minimum provided by statute. That minimum was higher than the guideline range.[2] In this situation, the Court cannot reduce a defendant's sentence. *See* U.S.S.G. § 1B1.10, app. note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. [§] 3582(c)(2) . . . [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of . . . a statutory mandatory minimum term of imprisonment . . . ."); *Howard*, 2012 WL 3104360, at *2 ("Because Howard was sentenced on the basis of a statutory minimum, Amendment 750 had no effect on his guideline range, and the district court lacked jurisdiction to consider his § 3582(c)(2) motion."); *cf. Dixon*, 687 F.3d at 357, 362 (district court lacked authority to reduce a sentence because it was based entirely on a binding plea agreement that did not expressly reference the sentencing guidelines); *United States v. Samuels*, No. 12-6003, 2012

---

[2] The actual guideline range for Rhodes—78 to 97 months—was determined by the Court at the sentencing hearing and based on a total offense level of 27 and a criminal history category of II. When faced with a situation where the guideline range was below the statutory minimum, the Court was required to follow the statutory minimum. *See* U.S.S.G. § 5G1.1(b).

WL 1890121, at *1 (10th Cir. May 25, 2012) ("Amendment 750 does not address a statutory maximum sentence."). Thus, Rhodes' request for a reduction cannot be granted.

This conclusion is true even though the Fair Sentencing Act of 2010 subsequently reduced the statutory minimum sentence in question. Because neither Rhodes' conduct nor his sentencing occurred after the FSA was enacted on August 3, 2010, the FSA simply does not apply to his case. *See United States v. Orr*, 636 F.3d 944, 957-58 (8th Cir. 2011) (holding that the FSA was not retroactive and did not apply to a defendant who was sentenced before it became effective). Indeed, in amending U.S.S.G. § 1B1.10(c) to include Amendment 750, the Sentencing Commission itself stated that this inclusion "only allows the guideline changes to be considered for retroactive application; it does not make any of the statutory changes in the Fair Sentencing Act of 2010 retroactive." 76 Fed. Reg. 41,333; *see also Curet*, 670 F.3d at 309 ("Curet cites no authority for the proposition that the Sentencing Commission's determination to make certain guideline provisions retroactive could somehow give retroactive force to a statute, and it is illogical."). Rhodes' sentence cannot be altered.

Accordingly, Rhodes' motion to reduce his sentence is DENIED. Document #200.

IT IS SO ORDERED this 8th day of November, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE